IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH R. PHILLIPS-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1116-M |
| ) | |
| CLIFFORD BARNARD, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On November 17, 2005, United States Magistrate Judge Gary M. Purcell issued a Second Supplemental Report and Recommendation in this civil rights action brought pursuant to 42 U.S.C. § 1983. The Magistrate Judge recommended: (1) that defendants Barnard and Dornewass's Motion to Dismiss [docket no. 23] and defendant Champion's Motion to Dismiss [docket no. 48] be granted and that plaintiff's cause of action be dismissed without prejudice (a) for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A and § 1915(e)(2)(B) with respect to plaintiff's claims in ground one of denial of his right to freely exercise his chosen religion and harassment and racially-motivated discrimination by defendant Barnard and (b) for failure to exhaust administrative remedies with respect to all of the claims urged in the Complaint; (2) that to the extent plaintiff seeks summary judgment in his pleading entitled Motion for Default Judgment/Motion for Summary Judgement [docket no. 42], said motion be denied, and (3) that the dismissal of this cause of action pursuant to 28 U.S.C. § 1915A or § 1915(e)(2)(B) constitutes one "strike" pursuant to 28 U.S.C. § 1915(g). Plaintiff was advised of his right to file an objection to the Second Supplemental Report and Recommendation by December 7, 2005. On December 13, 2005, plaintiff filed his objection, and on December 14, 2005, he filed his amended objection.

In his objection and amended objection, plaintiff only addresses the Magistrate Judge's finding that he failed to exhaust available administrative remedies with respect to his claim regarding his "stolen radio." Plaintiff does not object to the Magistrate Judge's findings regarding his remaining claims. The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), contains a total exhaustion requirement, and the presence of unexhausted claims in a complaint requires dismissal of the complaint without prejudice. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Accordingly, even assuming, without deciding, that plaintiff exhausted his administrative remedies as to his "stolen radio" claim, the Court finds that this action must be dismissed because plaintiff has failed to exhaust available administrative remedies with respect to his remaining claims.

Therefore, upon de novo review, the Court:

(1) ADOPTS the Second Supplemental Report and Recommendation issued by the Magistrate Judge on November 17, 2005;

(2) GRANTS defendants Barnard and Dornewass's Motion to Dismiss [docket no. 23] and defendant Champion's Motion to Dismiss [docket no. 48];

(3) DENIES plaintiff's Motion for Default Judgment/Motion for Summary Judgement [docket no. 42]; and

(4) DISMISSES this action without prejudice (a) for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A and § 1915(e)(2)(B) with respect to plaintiff's claims in ground one of denial of his right to freely exercise his chosen religion and harassment and racially-motivated discrimination by defendant Barnard and (b) for failure to exhaust administrative

remedies. The Clerk of the Court is directed to note in docketing that this dismissal counts as one strike against plaintiff pursuant to 28 U.S.C. § 1915(g).[1]

**IT IS SO ORDERED this 28th day of December, 2005.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] Dismissal should count as a "prior occasion" only after plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).